UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **CHESTER MATTHEWS** | **DOCKET NO. 1:05 CV 0693** |
| | **SECTION P** |
| **VS.** | **JUDGE LITTLE** |
| **STALDER, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by Plaintiff **CHESTER MATTHEWS,** on April 18, 2005. Plaintiff is incarcerated, at Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* in the instant action on May 5, 2005. [Doc. # 4]. Plaintiff names the following defendants: Richard Stalder, Rodney Slay and Linda Ramsey.

## FACTS AND PROCEDURAL HISTORY

Plaintiff asserts that defendant Slay, a records analyst, intentionally altered his offender class from a "02" to an "04". [Rec. Doc. 1, p. 4]. Plaintiff asserts that his plea bargain provides for his sentencing as a first offender. Allegedly, this change in offender class has made him ineligible for parole.

Plaintiff seeks release from DOC custody "to my federal sentence". [Rec. Doc. 1, p.5].

This action should be construed as a petition for a writ of

1

*habeas corpus* pursuant to 28 U.S.C. §§2241 & 2254.

Additionally, Petitioner asserts that he has a case pending on this identical matter in the 19th J.D.C. East Baton Rouge Parish, Louisiana.

**APPLICABLE LAW**

*Habeas corpus* relief is available to a person who is in custody, pursuant to a judgment of a state court which is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. However, the right to pursue *habeas* relief in federal court is qualified. The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding is well established. 28 § U.S.C. §2254; see also, Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

The exhaustion requirement is designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings . Lundy, 455 U.S. at 518. In order to exhaust, a petitioner must fairly present all of his claims to the state's highest court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 1732-33 (1999); Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998) *citing* Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985); Deters v. Collins, 985 F.2d 789, 795 (5th Cir.1993); Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985); In Louisiana, the

highest court is the Louisiana Supreme Court.

The exhaustion of state remedies assists the federal courts by developing a factual record, allowing the application of the state's correctional expertise to the prisoner's claims, and hopefully resolving disputed issues without the necessity if federal court intervention. McCullough v. Johnson, 2001 WL 301400 (N.D. Tex)*citing*, McKart v. United States, 395 U.S. 185, 193-195, 89 S.Ct. 1657- 1662,1663(1969). Additionally, under 28 U.S.C. §2254(b)(1)(A)[1] the District court is precluded from granting *habeas* relief on an unexhausted claim.

Plaintiff admits he has not exhausted state court remedies with regards to his claims, he should be given the opportunity to do so. There exists an available corrective process in the state courts to protect petitioner's rights.

**Accordingly**,

**IT IS RECOMMENDED** that petitioner's claim for *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** so that the petitioner may exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and

---

[1] § 2254 provides, in pertinent part:
> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State;

Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[2]

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 17th day of June, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2] See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

4