# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| CHESTER MATTHEWS | CIVIL ACTION NO. 05-0693 |
|---|---|
| -vs- | JUDGE LITTLE |
| STALDER, ET AL. | |

## JUDGMENT

Before the court is a report and recommendation of the magistrate recommending that the civil rights action under 42 U.S.C. § 1983, construed as a habeas corpus petition under 28 U.S.C. § 2254, by *pro se* prisoner Plaintiff Chester Matthews ("Matthews") proceeding *in forma pauperis* against Defendant Richard Stalder, et al. ("Stalder") be dismissed without prejudice for failure to exhaust his state court remedies. Matthews has not timely filed an objection to the magistrate's report.[1] After full record review, this court accepts the findings and recommendations of the magistrate as correct and adopts the report in its entirety and, to clarify, adds the following reasoning.

The magistrate properly construed Matthews's action as a § 2254 petition. See, e.g., Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (approving of the recharacterization of *pro se* prisoner complaints according to the essence of the claims,

---

[1] If there are no specific objections to the magistrate's report and recommendation, the district court is to review it for findings and conclusions that are either clearly erroneous or contrary to law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989); LR 74.1W(B) (2004).

regardless of the label the prisoner places on the complaint). The essence of Matthews's complaint is that he was the victim of an allegedly improper change in his offender class denying his parole eligibility, possibly as a result of an involuntary plea bargain, and he seeks release from state prison as well as any declaratory and monetary relief as a result. The Fifth Circuit has held that "any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under Section 1983." Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989). Thus, because Matthews challenges the duration of his confinement in state prison or requests an accelerated release, his claim can only be addressed under § 2254.[2] Because Matthews stated that he has an identical pending state court suit, the report properly dismissed without prejudice his suit for failure to exhaust his state court remedies first before filing suit in federal court. 28 U.S.C. § 2254(b)(1)(A) (2005).

Accordingly, Matthews's civil rights action, filed under 42 U.S.C. § 1983 and properly construed as a habeas corpus petition under 28 U.S.C. § 2254, against Stalder is

---

[2] To the extent that Matthews requests declaratory or monetary relief, his claim is not cognizable under § 1983 because he essentially challenges his imprisonment and he has not proven that Heck conditions have been met. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (stating that "a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254" in order to recover damages for an allegedly unconstitutional conviction or imprisonment). Matthews's complaint, however, was properly construed *only* as a § 2254 petition. Although he seeks declaratory relief and monetary damages, these were sought as a by-product of his claim that his parole eligibility was miscalculated. Consequently, his main request is for earlier release from prison for which he can obtain full and effective relief under § 2254.

DISMISSED WITHOUT PREJUDICE under § 2254(b)(1)(A) in order that he may first exhaust his pending state court remedies.

Alexandria, Louisiana

21 July 2005

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE